## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

VALERIE THOMPSON,

        Plaintiff,

                                Case No.

vs.

LJ ROSS ASSOCIATES, INC. and
COMERICA BANK

        Defendants.

and

COMERICA BANK
.

        Counter-Plaintiff,

vs.

VALERIE THOMPSON,

        Counter-Defendant.

## __NOTICE OF REMOVAL__

Defendant LJ Ross Associates, Inc. ("LJRA") hereby gives notice of removal of this action from the State of Michigan's 46th Judicial District Court to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

In support thereof, LJRA states as follows:

1.      On or about October 21, 2014, Plaintiff Valerie Thompson ("Plaintiff") filed the above captioned civil action in the State of Michigan's 46th Judicial District Court.

2.      LJRA was served with the Complaint on October 31, 2014. Accordingly, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

3.      All process, pleadings and orders which have been served upon Defendant in this

action are attached to this pleading in accordance with 28 U.S.C. § 1446(a) and this Court's ECF filing guidelines.

4.      This matter is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be properly removed pursuant to 28 U.S.C. §§ 1441 and 1446, as the claims asserted in the Complaint arise under the laws of the United States and raise one or more federal questions.

5.      Plaintiff's complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1692 *et seq*., the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq*., and the Michigan Regulation of Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*

6.      The district courts of the United States have original jurisdiction in civil actions arising under the FDCPA and the FCRA. Furthermore, this court may exercise supplemental jurisdiction over the state law claims.

7.      LJRA removes this action the United States District Court for the Eastern District of Michigan because it is the venue that encompasses Southfield, Michigan. LJRA removes this action without prejudice to LJRA's right to seek transfer of this action pursuant to 28 U.S.C. § 1404, if and as appropriate.

8.      Pursuant to 28 U.S.C. § 1446(b)(1)(c), Defendant/Counter-Plaintiff Comerica Bank has timely consented to and joins in LJRA's removal of this action. See **Exhibit A**: Notice of Consent/Joinder in Removal.

9.      This Notice of Filing of Notice of Removal has been served upon the Clerk of the Court for the State of Michigan's 46th Judicial District Court and all parties of record in accordance with 28 U.S.C. § 1446(d). See **Exhibit B**: Correspondence to the State of Michigan's

46th Judicial District Court Clerk.

      10.     Based upon the foregoing, this action is properly removed on the basis of federal

question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

      WHEREFORE, Defendant LJ Ross Associates, Inc., requests that this action proceed in

the United States District Court for the Eastern District of Indiana.

Respectfully Submitted,

LJ ROSS ASSOCIATES, INC.

/s/ Charity A. Olson
Charity A. Olson (P68295)
Olson Law Group
2723 S. State St., Suite 150
Ann Arbor, MI  48104
(734) 222-5179
Dated: November 28, 2014            colson@olsonlawpc.com

<u>**CERTIFICATE OF SERVICE**</u>

      I, Charity A. Olson, hereby certify that on November 28, 2014, a copy of the foregoing
Notice of Removal was filed via the Court's ECF system and served via first class mail upon
the following:

State of Michigan
46th Judicial District Court
26000 Evergreen Rd.
Southfield, MI 48076

Adam G. Taub
17200 W. Ten Mile Rd., Suite 200
Southfield, MI 48075-2406

David F. Wells
Two Towne Square, Suite 825
Southfield, MI 48076

/s/ Charity A. Olson
Charity A. Olson

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| 46th JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | | GC 14 3900 HON. SHELIA R. JOHNSON |

Court address
26000 Evergreen Road  Southfield MI 48076

Court telephone no.
(248) 796-5870

Plaintiff's name(s), address(es), and telephone no(s).
Valerie Thompson
c/o counsel

v

Defendant's name(s), address(es), and telephone no(s).
L J Ross Associates, Inc
Rebecca Roberts – Resident Agent
4 Universal Way
Jackson MI 49204

Plaintiff's attorney, bar no., address, and telephone no.
Adam G Taub (P48703)
Adam G Taub & Associates Consumer Law Group, PLC
17200 W Ten Mile Road  Ste 200
Southfield MI 48075-8200
(248) 746-3790

**SUMMONS**  NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 10-23-14 | This summons expires 01-22-15 | Court clerk CYNTHIA ARVANT/ATTY TO SERVE |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Southfield MI | Defendant(s) residence (include city, township, or village) Jackson MI |
|---|---|
| Place where action arose or business conducted Southfield MI | |

Date 10/21/14

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
46TH DISTRICT COURT

VALERIE THOMPSON,

    Plaintiff,

-vs-

    Case No.
    Hon.

RECEIVED
OCT 23 2014
46TH District Court

L J ROSS ASSOCIATES, INC. and
COMERICA BANK,

    Defendants.

## COMPLAINT

1.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2.     This court has jurisdiction as the amount in controversy is less than $10,000.00.

### Parties

3.     The Plaintiff to this lawsuit resides in Southfield, Michigan in Oakland County.

4.     L J Ross Associates, Inc., ("LJR&AI") is a corporation doing business in Michigan.

5.     Comerica Bank is a bank doing business in Southfield, Michigan.

1

6.  At all times relevant, LJR&AI is the agent for Comerica Bank which is jointly responsible for the acts and omissions of LJR&AI.

**General Allegations**

7.  On or about March 16, 2012, Lora L. Johnson, the Plaintiff's mother, passed away.

8.  On or about April 18, 2012, Plaintiff went to Comerica Bank in an effort to wind up her mother's affairs.

9.  On or about April 18, 2012, the banking center manager and Vice President, Stephanie Mitchell from Comerica Bank informed the Plaintiff that there was a balance left in her mother's account and wrote a check for that balance; Plaintiff did not ask for the money nor in any way solicit it.

10. Plaintiff distributed the $4,501.15 amongst herself and her five siblings.

11. At some point in early 2014, Comerica Bank decided that it had released too much money from the decadent's account and began attempting to collect $2,265.00 ("disputed debt") from the Plaintiff and hired LJR&AI to collect the disputed debt.

12. On or about May 13, 2014, LJR&AI mailed the Plaintiff a letter demanding payment of part of the disputed debt.

13. On or about August 13, 2014, Plaintiff mailed LJR&AI a letter stating that she disputed the debt; LJR&AI received the letter.

14. LJR&AI then violated 15 U.S.C. § 1692e(8) by failing to report the disputed debt as disputed to one or more credit bureaus.

15. Ms. Thompson also disputed the information reported by LJR&AI by transmitting actual notice of her dispute along with an adequate description and explanation to one or more major credit reporting agencies.

16. Ms. Thompson requested that one or more major credit reporting agencies reinvestigate and dispute the information as envisioned by 15 U.S.C. § 1681i.

17. LJR&AI responded to the reinvestigation request by failing to note the Plaintiff's dispute.

18. LJR&AI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

19. As a result of LJR&AI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

20. On or about August 21, 2014, Comerica Bank mailed the Plaintiff a letter stating that she owed $2,265.00 to Comerica Bank and also stating that she was entitled to that money; this letter was a misleading communication.

## COUNT I – Fair Debt Collection Practices Act (LJR&AI)

21. Ms. Thompson incorporates the preceding allegations by reference.

22. At all relevant times LJR&AI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. LJR&AI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. LJR&AI 's foregoing acts in attempting to collect this alleged debt against Ms. Thompson constitute violations of the FDCPA.

25. Ms. Thompson has suffered damages as a result of these violations of the FDCPA.

## <u>COUNT II – Fair Credit Reporting Act (LJR&AI)</u>

26.   Ms. Thompson incorporates the preceding allegations by reference.

27.   LJR&AI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Thompson through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

28.   Following the reinvestigation, LJR&AI reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

29.   Following the reinvestigation, LJR&AI reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

30.   Following the reinvestigation and dispatch of notice directly to LJR&AI, LJR&AI reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

31.   Following the reinvestigation and dispatch of direct notice to LJR&AI, LJR&AI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

32.   LJR&AI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Thompson's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

4

33.     In the alternative,  LJR&AI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

34.     LJR&AI  willfully refused to properly reinvestigate the inaccuracies in Ms. Thompson's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

35.     In the alternative, LJR&AI negligently failed to conduct a proper reinvestigation of Ms. Thompson's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

36.     Ms. Thompson has suffered damages as a result of these violations of the FCRA.

## COUNT  III – Michigan Occupational Code (LJR&AI)

37.     Ms.  Thompson incorporates the preceding allegations by reference.

38.     LJR&AI is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

39.     Ms.  Thompson is a debtor as that term is defined in M.C.L. § 339.901(f).

40.     LJR&AI 's foregoing acts in attempting to collect this alleged debt against Ms. Thompson constitute violations of the Occupational Code.

41.     Ms.  Thompson has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT  IV -- Violation of M.C.L. § 445.251 et seq. (Comerica Bank)

42.     Ms. Thompson incorporates the preceding allegations by reference.

43.     Comerica Bank is a "regulated person" as that term is set forth in M.C.L. § 445.251.

44.   The acts and omissions of Comerica Bank described herein constitute willful or intentional violations of one or more acts prohibited under M.C.L. § 445.252 entitling Ms. Thompson to recover actual and statutory damages, as well as costs and attorneys fees.

## Demand For Judgment for Relief

*ACCORDINGLY, Ms. Thompson requests that the Court award the Plaintiff, actual damages, statutory damages, punitive damages, statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Valerie Thompson
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: October 21, 2014

6

STATE OF MICHIGAN
46TH DISTRICT COURT

VALERIE THOMPSON,                              Case No. GC 14-3900
                                               HON: Shelia R Johnson
    Plaintiff

vs

LJ ROSS ASSOCIATES, INC
And
COMERICA BANK,

    Defendants.

_____/

And,

COMERICA BANK,

    Counter-Plaintiff,

vs

VALERIE THOMPSON,

    Counter-Defendant

_____/

ADAM G. TAUB (P48703)                   David F. Wells (P47588)
Attorney for Plaintiff                  Stancato Tragge Wells, PLLC
17200 West 10 Mile Rd., Ste. 200        For Comerica Bank (Only)
Southfield, MI  48075                   Two Towne Square - Suite 825
(248)746-3790                           Southfield, MI 48076
adamgtaub@clgplc.net                    (248) 351-9779
                                        dwells@stwlawfirm.com

_____/


COMERICA BANK'S
ANSWER TO COMPLAINT
WITH AFFIRMATIVE DEFENSES;
COUNTERCLAIM;
AND PROOF OF SERVICE

ANSWER:

Defendant Comerica Bank answers the complaint as follows:

1. The allegations in paragraph-1 do not require a responsive pleading because the allegations purport to assert a legal principle or conclusion rather than to allege facts in support of the claim for relief. To the extent plaintiff alleges or implies that Comerica Bank violated any law, Comerica Bank denies same.

   By way of further answer, Comerica Bank denies, *inter alia*, that the federal Fair Debt Collections Practices Act at 15 USC 1692, *et seq* (the "FDCPA") applies to this lawsuit and denies that the FDCPA applies to Comerica Bank.

Jurisdiction

2. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-2.

Parties

3. No contest.

4. No contest.

5. No contest. By way of further answer, Comerica Bank is not a collection agency with the meaning of any statute cited in plaintiff's complaint.

6. Denied as alleged. Comerica Bank denies that it is jointly responsible for the acts and/or omissions, if any, of the co-defendant, LJR&AI.

General Allegations

7. No contest.

8. No contest.

9. Denied. On or about April 18, 2012, plaintiff presented the bank with an AFFIDAVIT OF DECEDENT'S SUCCESSOR FOR DELIVERY OF CERTAIN ASSETS OWNED BY DECEDENT.

2

(Complaint Attachment, Pp 1-2, Affidavit). Plaintiff then signed an Account Closing Debit form and thereby requested the account balance of $4,501.15. (Complaint Attachment, Pg-3, Account Closing Debit form). In return, plaintiff received a Cashier's Check payable to her for the amount that had been on deposit in plaintiff's deceased mother's account. (Complaint Attachment, Pg-4, Cashier's Check payable to plaintiff that included funds subject to statutory reclamation). Plaintiff then cashed the Cashier's Check and received, retained, and continues to retain its proceeds. Plaintiff was not entitled to receive and is not entitled to retain the funds, the $2,265, that were subject to and had been reclaimed by the US Department of Treasury.

10. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-10.

11. Denied. The US Department of Treasury exercised statutory reclamation rights resulting in a loss to Comerica Bank of $2,265 for which plaintiff is responsible.

12. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-12.

13. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-13.

14. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-14.

15. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-15.

16. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-16.

17. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-17.

18. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-18.

19. Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-19.

20. Denied. The August 21, 2014 correspondence and attachments to that correspondence, which provide context to the August 21st correspondence, speak for themselves.

Count I – Allegations Re:
Fair Debt Collection Practices Act (LJR&AI)

21. Comerica Bank incorporates herein the preceding answers from paragraphs 1-20.

22. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-22.

23. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-23.

24. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-24.

25. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-25.

Count II – Allegations Re:
Fair Credit Reporting Act (LJR&AI)

26. Comerica Bank incorporates herein the preceding answers from paragraphs 1-25.

27. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-27.

28. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-28.

29. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-29.

30. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-30.

31. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-31.

32. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-32.

33. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-33.

34. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-34.

35. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-35.

36. The allegations in this paragraph are not directed at Comerica Bank. An answer is therefore not required. To the extent that an answer may be required, Comerica Bank lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-36.

37. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-37.

Count III – Allegations Re:
Michigan Occupational Code (LJR&AI)

38. Comerica Bank incorporates herein the preceding answers from paragraphs 1-37.

39. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-39.

40. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-40.

41. The allegations in this paragraph are not directed at Comerica Bank.  An answer is therefore not required.  To the extent that an answer may be required, Comerica Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph-41.

Count IV – Allegations RE:
Violation of MCL 445.251 et seq (Comerica Bank)

42. Comerica Bank incorporates herein the preceding answers from paragraphs 1-42.

43. The allegations in paragraph-43 do not require a responsive pleading because the allegations purport to assert a legal principle or conclusion rather than to allege facts in support of the claim for relief. To the extent plaintiff implies that Comerica Bank violated any law, Comerica Bank denies same, and Comerica Bank further denies the balance of the allegations in paragraph-43.

44. Denied. MCL 445.251, *et seq*, does not apply to this civil action.

WHEREFORE, Comerica Bank requests entry of a judgment against plaintiff dismissing plaintiff's complaint with prejudice and an award of attorney fees and costs to the bank for having to defend against this frivolous complaint.

AFFIRMATIVE DEFENSES:

Comerica Bank relies on the following affirmative defenses, some of which are asserted in the event that plaintiff seeks to hold the bank is liable under all counts in the complaint:

1. Among other facts, Comerica Bank will rely on the following facts to support its affirmative defenses:

   a. Lora Lee Johnson (hereafter "Ms. Johnson") was receiving from the US Treasury Department certain Social Security Benefits by direct deposit. Those Social Security Benefits were credited to Ms. Johnson's bank account at Comerica Bank.

   b. Ms. Johnson passed away on March 16, 2012. (Complaint Attachment, Pg-2).

   c. After Ms. Johnson passed away, the US Treasury Department continued to directly deposit Social Security funds that were automatically credited to Ms. Johnson's bank account. Specifically, the US Department of Treasury credited $2,265 to Ms. Johnson's bank account after her death on March 30, 2012 and April 3, 2012. (Complaint Attachment, Pg-7).

8

d.  The direct deposits, because they were made after Ms. Johnson passed away on March 16, were erroneous and therefore subject to statutory reclamation by the US Department of Treasury.

e.  On or about April 18, 2012, plaintiff presented the bank with an AFFIDAVIT OF DECEDENT'S SUCCESSOR FOR DELIVERY OF CERTAIN ASSETS OWNED BY DECEDENT. (Complaint Attachment, Pp 1-2). Plaintiff then signed an Account Closing Debit form and thereby requested the account balance of $4,501.15. (Complaint Attachment, Pg-3, Account Closing Debit form). In return, plaintiff received a Cashier's Check payable to plaintiff for the amount that had been on deposit in plaintiff's deceased mother's account, including the Social Security Benefits that had been erroneously credited to the account by the US Department of Treasury. (Complaint Attachment, Pg-4, Cashier's Check payable to plaintiff that included funds subject to statutory reclamation).

f.  On April 18, 2012, plaintiff cashed the Cashier's Check and received, retained and continues to retain its proceeds.

g.  Of the amount represented by the $4,501.15 Cashier's Check, plaintiff was not entitled to receive or retain $2,265 because those funds were subject to and ultimately reclaimed by the US Department of Treasury (see below).

h.  Upon discovering its erroneous payments to that were credited to Ms. Johnson's account, and in exercise of its statutory rights, the US Department of Treasury exercised reclamation rights and directly debited Comerica Bank for $2,265 as follows:

    i.  On May 24, 2012, the federal government reclaimed $1,171 directly from Comerica Bank (Complaint Attachment, Pg-5, Notice of Reclamation).

    ii.  On July 1, 2013, the federal government reclaimed $1,094 directly from Comerica Bank. (Complaint Attachment, Pg-6, Notice of Reclamation).

i.  Comerica Bank suffered a loss of $2,265 when the US Department of Treasury exercised its reclamation rights because plaintiff was not entitled to those funds.

j.  Plaintiff was not entitled to receive and/or retain the $2,265.

k.  Plaintiff has been unjustly enriched in the amount of $2,265.

2.  Comerica Bank is without fault.

3.  Plaintiff failed to state a claim upon which relief can be granted under any of the statutes cited in plaintiff's complaint including, without limitation, under the federal Fair Debt Collection Practices Act, the federal Fair Credit Reporting Act, Michigan' Occupational Code, and Michigan's Collections Practices Act, MCL 445.251 *et seq*.

4.  There is no genuine issue of material fact, and Comerica Bank is entitled to judgment as a matter of law.

5.  Comerica Bank is not a proper party to this civil action with regard to one or more of the theories of liability alleged in plaintiff's complaint.

6.  Plaintiff was unjustly enriched when she received and retained the funds that are at issue.

7.  Plaintiff has unclean hands.

8.  The statute upon which plaintiff relies in support of her claim for damages against Comerica Bank does not provide a private cause of action or remedy for a private party.

9.  Plaintiff's claims are barred by one or more statutes of limitation.

10. Plaintiff failed to exhaust her remedies before filing the lawsuit thus barring plaintiff's claims.

11. Damages or injuries that plaintiff suffered, if any, were caused by other(s) but not caused by Comerica Bank.

12. Comerica Bank did not breach any duty owing to plaintiff.

13. The state law claims are preempted by federal law.

14. At all times relevant, Comerica Bank acted in good faith and did not act in bad faith.

15. At all times relevant, plaintiff was not a "consumer" within the meaning of the applicable law and the FDCPA.

16. At all times relevant, Comerica Bank was not subject to the FDCPA or other statutes cited in plaintiff's complaint.

17. Comerica Bank is not vicariously liable or otherwise responsible under any theory of liability for the actions of co-defendant LJ Ross Associates, Inc. The FDCPA and other statutes cited in plaintiff's complaint do not allow for the imposition of vicarious liability on a party such as Comerica Bank based upon the alleged conduct of a debt collector, even when the debt collector is allegedly acting as the agent of the creditor or other party.

18. LJ Ross Associates, Inc. is not an alter ego entity of Comerica Bank.

19. Comerica Bank does not have an employer/employee relationship with the co-defendant.

20. Comerica Bank was not a "debt collector" at any time relevant to the events alleged in plaintiff's complaint, and Comerica Bank is not otherwise a "debt collector". *See,* 15 USC 1692a(6).

21. The "debt" as alleged in plaintiff's complaint is not the type of "debt" that is defined in and subject to the FDCPA. *See,* 15 USC 1692a(5). The FDCPA applies only to the collection

11

of debt that was incurred by a consumer primarily for personal, family, or household purposes. The funds at issue were not the type of "debt" covered by the FDCPA or other statutes cited in plaintiff's complaint.

22. Plaintiff was not a "consumer" as defined in the FDCPA. *See*, 15 USC 1692a(3).

23. Plaintiff lacks standing because plaintiff was not a "consumer" within the meaning of the FDCPA or other statutes cited in plaintiff's complaint.

24. Comerica Bank was not a "creditor" as defined in the FDCPA because a "debt", as defined by the FDCPA and other statutes cited in plaintiff's complaint, is and was not at issue. Alternatively, to the extent that Comerica Bank may have been a "creditor" within the meaning of the FDCPA or other statutes (which Comerica Bank denies), Comerica Bank did not violate the FDCPA because that law applies to and regulates third-party "debt collectors" but does not apply to and regulate "creditors". *See*, 15 USC 1692a(6).

25. To the extent that the FDCPA may apply to Comerica Bank in this lawsuit (Comerica Bank denies that the FDCPA applies to it), Comerica Bank denies that it violated the FDCPA or other statutes cited in plaintiff's complaint in any way.

26. To the extent that the FDCPA may apply to Comerica Bank in this lawsuit (Comerica Bank denies that the FDCPA applies to it), at no time did Comerica Bank engage in any false, deceptive, or misleading representation or other unfair means in connection with the collection of any debt. Further, Comerica Bank did not act intentionally, willfully or maliciously in any respect and did not intentionally, willfully or maliciously violate any federal or state statute. Comerica Bank did not engage in harassment or unfair practices.

27. To the extent that the FDCPA may apply to Comerica Bank in this lawsuit (Comerica Bank denies that the FDCPA applies to it), Comerica Bank will show by a preponderance of

evidence that the violation, if any, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

28. To the extent that the FDCPA may apply to Comerica Bank in this lawsuit (Comerica Bank denies that the FDCPA applies to it), the exclusive remedy and/or enforcement provision regarding Comerica Bank resides only in the Administrative Enforcement provisions of the applicable law.

29. Under the facts of this lawsuit, plaintiff does not have a private cause of action under the FDCPA or any other statutory scheme against Comerica Bank.

30. At all times relevant, and to the extent that it may apply, Comerica Bank did not violate the federal Fair Credit Reporting Act.

31. With regarding to the events and allegations in plaintiff's complaint and within the meaning of the applicable law, Comerica Bank is not a consumer reporting agency.

32. At all times relevant and to the extent that it may have been required to do so, Comerica Bank followed reasonable procedures as required by the applicable law.

33. To the extent that it may apply to the facts of this case, Comerica Bank will rely on the qualified immunity provisions in 15 USC 1681h(e) and other such immunity provisions in any other law.

34. To the extent that it may apply based on one or more claims in plaintiff's complaint, Comerica Bank relies on all rights, duties, waivers, terms, conditions, and provisions in the Business And Personal Deposit Account Contract ("Account Agreement"), as amended from time, and which is incorporated herein by reference.

35. Comerica Bank did not willfully or otherwise violate MCL 339.901, *et seq*.

36. MCL 339.901, *et seq*, does not apply to the facts of this case. In addition, and among other things, Comerica Bank was and is not "collection agency" under MCL 339.901(b), nor was the bank otherwise covered by or liable under MCL 339.901, *et seq*; neither a "claim" nor "debt" within the meaning of MCL 339.901(a) was and is at issue in this civil action; Comerica Bank was and is not a "creditor" or a "principal" within the meaning of MCL 339.901(e); plaintiff was and is not a "consumer" or a "debtor" within the meaning of MCL 339.901(f).

37. Comerica Bank relies on all reclamation and other rights arising under federal law with regard to the funds and benefits at issue in this civil action. Comerica Bank relies on and invokes all subrogation rights that it may have under the applicable law.

38. The Michigan Collection Practices Act, MCL 445.251, *et seq*, does not apply to the facts of this civil action because that act prohibits abusive collection efforts with respect to obligations arising out of a purchase made primarily for personal, family, or household purposes.

39. Among other defenses under MCL 445.251, *et seq*: neither a "claim" nor a "debt", within the meaning of MCL 445.251(a), was and is at issue in this civil action;  plaintiff was and is not a "consumer" nor a "debtor" within the meaning of MCL 445.251(d); Comerica Bank was and is not a "collection agency" within the meaning of MCL 445.251(b); Comerica Bank did not commit any of the prohibited acts as defined in MCL 445.252 and did not otherwise violate MCL 445.251, *et seq*; Comerica Bank did not intentionally, willfully or otherwise violate MCL 445.251, *et seq*; MCL 445.251 *et seq* does not provide plaintiff with a private cause of action against Comerica Bank under the circumstances giving rise

to plaintiff's civil action; and Comerica Bank did not engage in any "misleading communication."

40. To the extent that it may apply to this civil action, Comerica Bank relies on MCL 600.6304, 600.2956, 600.2957, among other statutes.

41. Comerica Bank reserves the right to add further and other affirmative defenses as those defenses become apparent through further investigation, discovery or otherwise.

## COUNTERCLAIM

### Parties and Jurisdiction:

1. Plaintiff/Counter-Defendant, Valerie Thompson (hereafter "Thompson") is, on information and belief, a resident of Southfield, Michigan.

2. Defendant/Counter-Plaintiff, Comerica Bank, is a Texas banking association.

3. This district court has jurisdiction over this counterclaim under MCR 2.203.

### Facts:

4. This counterclaim is based on the following facts.

5. Lora Lee Johnson (hereafter "Ms. Johnson") was receiving from the US Treasury Department certain Social Security Benefits by direct deposit. Those Social Security Benefits were credited to Ms. Johnson's bank account at Comerica Bank.

6. Ms. Johnson passed away on March 16, 2012. (Complaint Attachment, Pg-2).

7. After Ms. Johnson passed away on March 16, the US Treasury Department continued to directly deposit Social Security funds that were automatically credited to Ms. Johnson's bank account. Specifically, the US Department of Treasury credited $2,265 to Ms. Johnson's bank account on March 30, 2012 and April 3, 2012. (Complaint Attachment, Pg-7, Account Statement Excerpt).

8.  The direct deposits, because they were made after Ms. Johnson passed away on March 16, were erroneous and therefore subject to statutory reclamation by the US Department of Treasury.

9.  On or about April 18, 2012, Thompson presented the bank with an AFFIDAVIT OF DECEDENT'S SUCCESSOR FOR DELIVERY OF CERTAIN ASSETS OWNED BY DECEDENT. (Complaint Attachment, Pp 1-2). Thompson then signed an Account Closing Debit form and thereby requested and received the account balance of $4,501.15. (Complaint Attachment, Pg-3, Account Closing Debit form). In return, Thompson received a Cashier's Check payable to her for the amount that had been on deposit in Thompson's deceased mother's account ($4,501.15), including the Social Security Benefits that had been erroneously credited to the account by the US Department of Treasury. (Complaint Attachment, Pg-4, Cashier's Check payable to Thompson that included funds subject to statutory reclamation).

10. Thompson cashed the Cashier's Check and received, retained and continues to retain its proceeds. (Complaint Attachment, Pg-4). Thompson's actions damaged Comerica Bank.

11. Of the amount represented by the $4,501.15 Cashier's Check, Thompson was not entitled to receive or retain the $2,265 because those funds were subject to and ultimately reclaimed by the US Department of Treasury (see below).

12. Upon discovering its erroneous payments to that were credited to Ms. Johnson's account, and in exercise of its statutory rights, the US Department of Treasury exercised reclamation rights and directly debited Comerica Bank for $2,265 as follows:

    a.  On May 24, 2012, the federal government reclaimed $1,171 directly from Comerica Bank (Complaint Attachment, Pg-5, May 24, 2012, Notice of Reclamation).

16

b. On July 1, 2013, the federal government reclaimed $1,094 directly from Comerica Bank. (Complaint Attachment, Pg-6, July 1, 2013, Notice of Reclamation).

13. Comerica Bank suffered a loss of $2,265 when the US Department of Treasury exercised its reclamation rights because Thompson was not entitled to those funds.

14. Thompson requested the funds that are at issue in this civil action.

15. Thompson was not entitled to receive and/or retain the $2,265.

16. Thompson has been unjustly enriched in the amount of $2,265.

17. Comerica Bank is without fault and is free from active fault.

Counterclaims Against Thompson:

18. Comerica Bank incorporates herein all preceding allegations in this pleading.

19. Thompson requested the funds at issue from Comerica Bank and represented that she was entitled to those funds. Comerica Bank reasonably relied on that representation.

20. Thompson received a benefit from Comerica Bank in the amount of $2,265.

21. Thompson has been unjustly enriched in the amount of $2,265.

22. The circumstances of the receipt or retention of the funds at issue are such that it is unjust for Thompson to retain the funds at issue.

23. It would be inequitable to Comerica Bank for Thompson to retain the $2,265 benefit.

24. It would be unconscionable for Thompson to retain and hold the $2,265.

25. Comerica Bank is entitled to quantum meruit relief and is entitled to restitution, indemnity, and/or reimbursement from Thompson.

26. Thompson's actions damaged and continue to damage Comerica Bank.

27. Comerica Bank requests that this court impose a constructive trust to do equity or avoid unjust enrichment.

WHEREFORE, Comerica Bank requests that this Court enter judgment in its favor in an amount to which Comerica Bank is found to be entitled, plus all other legal or equitable relief that Comerica Bank is entitled to receive, plus interest, costs and attorney fees.

Dated: November 18, 2014          Stancato Tragge Wells, PLLC
                                  For Comerica Bank (Only)


                                  _____
                                  David F. Wells (P47588)

## PROOF OF SERVICE

The undersigned certifies that on November 18, 2014, a copy of the foregoing document was served upon counsel for Plaintiff by placing the document in a sealed envelope, plainly addressed to counsel for Plaintiff and with postage fully prepaid. The sealed enveloped was then placed in a US Mail receptacle. The above statement is true to the best of my information, knowledge and belief.

Dated: November 18, 2014


          Signature: _____

18

Approved, SCAO

### AFFIDAVIT OF DECEDENT'S SUCCESSOR
### FOR DELIVERY OF CERTAIN ASSETS OWNED BY DECEDENT

Estate of  _Lora Lee Thompson_

1. I am decedent's successor as surviving • spouse (•adult child) • other heir _____
   specify

   • devisee under the will dated _____.

   • fiduciary or representative of _____ who is an heir or devisee and has a legal incapacity.
   Name

2. Decedent died a resident of _Southfield, MI_ on _March 16, 2012_
   City, township, or village and county and state      Date

   More than 28 days have passed since decedent's death.

3. No real property is included in the estate.

4. Decedent's estate, less liens and encumbrances, does not exceed $20,000 (as adjusted for cost of living as provided in MCL 700.1210).

5. An application/petition for the appointment of a personal representative is not pending or has not been granted in any jurisdiction. A petition for assignment of an estate not exceeding $20,000 (as adjusted for cost of living) has not been filed with a court.

6. I am entitled to payment or delivery of the property described as: _____.

7. The name and address of each other person entitled to a share of the property and his/her proportion is as follows:

| NAME | ADDRESS | RELATIONSHIP | SHARE % |
|------|---------|--------------|---------|
| N/A  |         |              |         |
|      |         |              |         |
|      |         |              |         |
|      |         |              |         |

8. A copy of the death certificate is attached.

Signature _Valerie J. Thompson_

Name (type or print) _Valerie J. Thompson_

Address _29450 McDonald Ct._

City, State, Zip _Southfield, Mi 48076_

STEPHANIE CELES MITCHELL
Notary Public - Michigan
Wayne County
My Commission Expires Nov 8, 2015
Acting in the County of _Wayne_

Subscribed and sworn to before me on _4/8/12_ , _Wayne_ County, Michigan.
Date

My commission expires: _11/8/15_   Signature _____

**NOTICE:** A false statement on this affidavit may subject the person swearing to the statement to prosecution for perjury.

MCL 700.3983; MSA 27.13983

PC 598 (12/02) AFFIDAVIT OF DECEDENT'S SUCCESSOR FOR DELIVERY OF CERTAIN ASSETS OWNED BY DECEDENT

*Complaint Attachment Pg-01*

# CITY OF DETROIT

LF
CF    C01619

**STATE OF MICHIGAN**
**DEPARTMENT OF COMMUNITY HEALTH**
**CERTIFICATE OF DEATH**

STATE FILE NUMBER
3498329

| DECEDENT | 1. DECEDENT'S NAME (First, Middle, Last) | | 2. DATE OF BIRTH (Month, Day, Year) | 3. SEX | 4. DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|---|---|
| | Lora Lee Johnson | | 1930 | Female | March 16, 2012 |

| 5. NAME AT BIRTH OR OTHER NAME USED FOR PERSONAL BUSINESS (Include AKA's if any) | 6a. AGE Last Birthday (Years) | 6b. UNDER 1 YEAR | | 6c. UNDER 1 DAY | |
|---|---|---|---|---|---|
| | | MONTHS | DAYS | HOURS | MINUTES |
| Lora Lee Meredith | 81 | | | | |

| 7a. LOCATION OF DEATH (Enter place as officially pronounced dead in 7a, 7b, 7c) HOSPITAL OR OTHER INSTITUTION - Name (if not in either, give street and number and zip code) | 7b. CITY, VILLAGE, OR TOWNSHIP OF DEATH | 7c. COUNTY OF DEATH |
|---|---|---|
| St. John Hospital | Detroit | Wayne |

| 8a. CURRENT RESIDENCE - STATE | 8b. COUNTY | 8c. LOCALITY (check the box that describes the location) | 8d. STREET AND NUMBER (Include Apt. No. if applicable) |
|---|---|---|---|
| Michigan | Oakland | ☒CITY/VILLAGE (inside limits of) ☐TOWNSHIP ☐UNINCORPORATED PLACE Southfield | |

| 8e. ZIP CODE | 9. BIRTHPLACE (City and State or Country) | 10. SOCIAL SECURITY NUMBER | 11. DECEDENT'S EDUCATION - What is the highest degree or level of school completed at the time of death? |
|---|---|---|---|
| 48076 | Athens, Alabama | ████4837 | 11th Grade |

| 12. RACE - American Indian, White, Black, etc. (If Asian, give nationality, i.e., Chinese, Filipino, Asian Indian, etc.) (Enter all that apply) | 13a. ANCESTRY - Mexican, Cuban, Arab, African, English, French, Dutch, etc. (Enter all that apply) (If American Indian race, enter principal tribe) | 13b. HISPANIC ORIGIN (Yes or No) | 14. WAS DECEDENT EVER IN THE U.S. ARMED FORCES? (yes or no) |
|---|---|---|---|
| Black | African American | No | No |

| 15. USUAL OCCUPATION Give kind of work done during most of working life. Do not use retired. | 16. KIND OF BUSINESS OR INDUSTRY | 17. MARITAL STATUS - Married, Never Married, Widowed, Divorced | 18. NAME OF SURVIVING SPOUSE (if wife, give name before first married) |
|---|---|---|---|
| Assembler | Automotive | Widowed | |

| PARENTS | 19. FATHER'S NAME (First, Middle, Last) | 20. MOTHER'S NAME BEFORE FIRST MARRIED (First, Middle, Last) |
|---|---|---|
| | Philmon Meredith | Alberta Ingram |

| INFORMANT | 21a. INFORMANT'S NAME (Type/Print) | 21b. RELATIONSHIP TO DECEDENT | 21c. MAILING ADDRESS (Street and Number or Rural Route Number, City or Village, State, Zip Code) |
|---|---|---|---|
| | Gwendolyn Hill | Daughter | ████ Southfield, Michigan 48076 |

| DISPOSITION | 22. METHOD OF DISPOSITION Burial, Cremation, Entombment, Donation, Removal, Storage (Specify) | 23a. PLACE OF DISPOSITION (Name of Cemetery, Crematory, or other location) | 23b. LOCATION - City or Village, State |
|---|---|---|---|
| | Cremation | Southern Michigan Services | Livonia, Michigan |

| 24. SIGNATURE OF MORTUARY SCIENCE LICENSEE | 25. LICENSE NUMBER (of Licensee) | 26. NAME AND ADDRESS OF FUNERAL FACILITY |
|---|---|---|
| *[signature]* | 7748 | O. H. Pye, III Funeral Home 17600 Plymouth Road, Detroit, Michigan 48227 |

| CERTIFICATION | 27a. CERTIFIER (Check only one) ☒ Certifying Physician - To the best of my knowledge, death occurred due to the cause(s) and manner stated. ☐ Medical Examiner - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated. | 28a. ACTUAL OR PRESUMED TIME OF DEATH 11:50 P M | 28b. PRONOUNCED DEAD ON (Mo. Day, Yr.) March 16, 2012 | 28c. TIME PRONOUNCED DEAD 11:50 P |
|---|---|---|---|---|
| | Signature and Title *[signature]* | 29. MEDICAL EXAMINER CONTACTED? (Yes or No) No | 30. PLACE OF DEATH (Home, Hospice, Nursing Home, Hospital, Ambulance) (Specify) Hospital | 31. IF HOSPITAL, Inpatient, Outpatient, Emergency Room, DOA (Specify) Inpatient |
| | 27b. DATE SIGNED (Mo., Day, Yr.) March 20, 2012 | 27c. LICENSE NUMBER 4010109 | 32. MEDICAL EXAMINER'S CASE NUMBER (if applicable) | 33. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) |
| | 34. NAME AND ADDRESS OF CERTIFYING PHYSICIAN (Type or Print) Daniel J Lehman MD 19229 Mack GPW MI 48236 | | | |
| | 35a. REGISTRAR'S SIGNATURE *Rochelle M Collins* | | 35b. DATE FILED (Month, Day, Year) MAR 21 2012 | |

| CAUSE OF DEATH | 36. PART I. Enter the chain of events - diseases, injuries, or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. | | Approximate Interval Between Onset and Death |
|---|---|---|---|
| If disease was an immediate, underlying or contributing cause of death be sure to record diabetes in either Part I or Part II of the cause of death section, as appropriate. | a. Pancreatic Cancer DUE TO (OR AS A CONSEQUENCE OF) | | 2 months |
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | b. Liver Cancer DUE TO (OR AS A CONSEQUENCE OF) | | 2 months |
| Sequentially list conditions, IF ANY, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | c. Breast Cancer DUE TO (OR AS A CONSEQUENCE OF) | | 22 years |
| | d. | | |

| 37. DID TOBACCO USE CONTRIBUTE TO DEATH? ☐ Yes ☐ Probably ☐ No ☒ Unknown | 38. IF FEMALE: ☒ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year |
|---|---|

PART II. OTHER SIGNIFICANT CONDITIONS contributing to death but not resulting in the underlying cause given in Part I.

| MEDICAL EXAMINER | 39. MANNER OF DEATH - Accident, Suicide, Homicide, Natural, Indeterminate, or Pending (Specify) Natural | 40a. WAS AN AUTOPSY PERFORMED? (Yes or No) No | 40b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? (Yes or No) |
|---|---|---|---|
| | 41a. DATE OF INJURY (Mo., Day, Yr.) | 41b. TIME OF INJURY M | 41c. DESCRIBE HOW INJURY OCCURRED |
| | 41d. INJURY AT WORK | 41e. PLACE OF INJURY—At home, farm, street, construction site, wooded area, etc. (Specify) | 41f. IF TRANSPORTATION INJURY — Driver/Operator, Passenger, Pedestrian, etc. (Specify) | 41g. LOCATION - Street or RFD No.   City, Village or Twp.   State |

DCH-0483 (Rev 9/15/09)

Comerica

**MMIA / Checking / Savings Account Closing Debit**

CP01285 (10/02)

Date 4/18/12

Exception Date

Mgmt. Initials

Received from Bank _____ Dollars

Signature(s) Valerie Thompson

Present Address SFLd, Mi 48076

PLEASE NOTIFY TELLER OF CHANGE OF ADDRESS

From Account Number   This withdrawal subject to Comerica's Business and Personal Deposit Account Contract.

☑ CHECKING  ☐ SAVINGS     **CLOSING DEBIT ONLY**

4491                    $  4,501.15

⑈50 20000 03⑈              68

063317763 04-18-12 31
PROCESSED*M1      8865
063317763 04-18-12

00139  04/18/12  XXXXX4491      DC4      4,501.15-
  10CA2 30403   17:01 Y              D4 72
CLOSING HOLD PLACED ON DX #      9999

Posted  : 04/18/2012
Bank    : 0002
R/T     : 50200000
Account : 4491
Check   : 0
Amount  : 4501.15
DIN     : 63317763

*Complaint Attachment Pg-03*

CP03503 (3/03)

**Comerica Bank**

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.    CHECK BACKGROUND CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

**CASHIER'S CHECK**

000315727

NOTICE TO CUSTOMERS: The purchase of an indemnity bond will be required before any cashier's check issued by this bank will be replaced or refunded in the event it is lost, stolen, or destroyed.

DATE    4/18/12

*******4,501 DOLLARS AND 15 CENTS                              Dollars

$    *******4,501.15

PAY TO THE ORDER OF    VALERIE J THOMPSON

00140/30403        000315727

063317762 04-18-1    Authorized Signature

Drawer: Comerica Bank

REMITTER

⑈000315727⑈ ⑆072000096⑆ 1852538444⑈

COMERICA
PROCESSED*MI        6865    >072000096<
063317762 04-18-12

| Posted Date | 20120418 |
| --- | --- |
| R/T | 7200009 |
| Bank | 2 |
| Check | 315727 |
| Account | ▮▮▮▮3444 |
| Amount | 450115 |
| DIN | 63317762 |
| Tran. Code | 0 |
| Media | |

*Complaint Attachment Pg-04*

For Paperwork Reduction Act
and Burden Estimate Statement See
Side "Notice to Account Owners" Copy
28045500

OMB NO.: 1510-0043
Expiration Date: 04/30/2003

# DIRECT DEPOSIT

ELECTRONIC FUNDS TRANSFER
FEDERAL RECURRING PAYMENTS

FROM:

U.S. DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
KC FINANCIAL CENTER
PO BOX 12599
KANSAS CITY, MO 64116-0599
816-414-2100

## NOTICE OF RECLAMATION

*4068600760.*

DATE:  05/24/12       24541039

| RECIPIENT AND/OR BENEFICIARY NAME | CLAIM NUMBER | DATE OF DEATH |
|---|---|---|
| LORA L JOHNSON | 4837  A | 03-16-12 |

| DATE OF PAYMENT | AGENCY AND/OR TYPE OF PAYMENT | TRACE NUMBER | TYPE OF ACCOUNT | DEPOSITOR ACCOUNT NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 04-03-12 | SSA SSA | 10103621  1741734 | C | 149-1 | 1171.00 |

OUTSTANDING TOTAL     1171.00

**A** Immediately mail NOTICE TO ACCOUNT OWNERS (last copy of this form) to current address of the account owner. Inform the account owner(s) of any actions your financial institution has taken or intends to take. Sign Certification No. 1 on the back of the DISBURSING OFFICE COPY.

**B** Correct any error in the fact of death, date of death and/or outstanding total on the back of the DISBURSING OFFICE COPY.

**C** Take, as appropriate, one of the four steps below:

**1** If the outstanding total was previously returned to the Government, attach copies of the front and back of the cancelled checks and/or proof that the payment was returned by ACH. Proceed with step D below.

**2** If the amount in the account is equal to or exceeds the outstanding total, prepare one ACH return for each full payment described above. The ACH return menthod should always be used when returning one or more full payments. Proceed with step D below.

**3** If the amount in the account is less than the outstanding total, and there is...
   a. (1) only one payment listed above, then return the partial payment by check. (See 3b).
   a. (2) more than one payment listed above, then prepare ACH return(s) for amount(s) equal to each full payment. Any remaining amount that does not equal a full payment must be returned by check. (See 3b).
   b.  Prepare a check made payable to:_____ U.S. DEPARTMENT OF THE TREASURY
      ONLY FOR AMOUNTS LESS THAN ONE FULL PAYMENT.
   (Note: The amount in the account includes any additions to the account balance made after receipt of this NOTICE.)
   Provide the names and addresses of the withdrawers on the back of the DISBURSING OFFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with step D below.

**4** If the amount in the account is zero and no funds are available to return to the Government, provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with Step D below.

**D** Unless the outstanding total is returned by ACH within 45 days of the date on this NOTICE, return the PROGRAM AGENCY and DISBURSING OFFICE COPIES of this form to the disbursing office address shown in the upper right hand corner of the form.

YOUR FINANCIAL INSTITUTION IS LIABLE TO THE GOVERNMENT FOR THE ABOVE PAYMENT(S) AND FOR ALL GOVERNMENT BENEFIT PAYMENTS RECEIVED AFTER THE DEATH OR LEGAL INCAPACITY OF THE RECIPIENT OR THE DEATH OF THE BENEFICIARY AS SET FORTH IN 31 CFR PART 210. YOU MUST TAKE THE APPROPRIATE STEPS OUTLINED IN A THROUGH D ABOVE AND IN THE GREEN BOOK INSTRUCTIONS IN ORDER TO LIMIT YOUR LIABILITY. (See GREEN BOOK: RECLAMATIONS CHAPTER for detailed instructions.)
IF YOU DO NOT RESPOND APPROPRIATELY WITHIN 60 DAYS FROM THE DATE OF THIS REQUEST, YOU WILL NOT LIMIT YOUR LIABILITY AND YOUR FEDERAL RESERVE ACCOUNT OR THE ACCOUNT OF YOUR CORRESPONDENT WILL BE DEBITED FOR THE OUTSTANDING TOTAL.

ROUTING NUMBER: 0720 0009 6
TO: DIRECT DEPOSIT COORDINATOR
COMERICA BANK
PO BOX 75000
DETROIT, MI 48275-7570

TO BE COMPLETED BY PROGRAM AGENCY
$_____          $_____
Amount Recovered     Amount to Recover

_____
Signature          Date

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
PROGRAM MANAGEMENT DIVISION
FMS 133 (2-97)



FINANCIAL ORGANIZATION COPY

*Complaint Attachment Pg-05*

For Paperwork Reduction Act Statement
and Burden Estimate Statement See Reverse
Side "Notice to Account Owners" Copy

36000201

OMB NO.: 1510-0043
Expiration Date: 02/28/2000

## DIRECT DEPOSIT

**ELECTRONIC FUNDS TRANSFER
FEDERAL RECURRING PAYMENTS**

## NOTICE OF RECLAMATION

*4108701212Q*

FROM: **DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
PHILADELPHIA FINANCIAL CENTER
POST OFFICE BOX 603
BENSALEM, PA 19020-9921
855-868-0151**

DATE: **07/01/13**        TICKET #: **27256510**

| RECIPIENT AND/OR BENEFICIARY NAME | CLAIM NUMBER | DATE OF DEATH |
|---|---|---|
| LORA LEE JOHNSON | ▮▮ 4837 10 30 | 03-16-12 |

| DATE OF PAYMENT | AGENCY AND/OR TYPE OF PAYMENT | TRACE NUMBER | TYPE OF ACCOUNT | DEPOSITOR ACCOUNT NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 03-30-12 | VA | 11103600  5626001 | C | ▮▮▮▮4491 | 1094.00 |

OUTSTANDING TOTAL        1094.00

**A** Immediately mail NOTICE TO ACCOUNT OWNERS (last copy of this form) to current address of the account owner. Inform the account owner(s) of any actions your financial institution has taken or intends to take. Sign Certification No. 1 on the back of the DISBURSING OFFICE COPY.

**B** Correct any error in the fact of death, date of death and/or outstanding total on the back of the DISBURSING OFFICE COPY.

**C** Take, as appropriate, one of the four steps below:

**1** If the outstanding total was previously returned to the Government, attach copies of the front and back of the cancelled checks and/or proof that the payment was returned by ACH. Proceed with step D below.

**2** If the amount in the account is equal to or exceeds the outstanding total, prepare one ACH return for each full payment, described above. The ACH return method should always be used when returning one or more full payments. Proceed with step D below.

**3** If the amount in the account is less than the outstanding total, and there is...

   a.(1)  only one payment listed above, then return the partial payment by check. (See 3b).

   a.(2)  more than one payment listed above, then prepare ACH return(s) for amount(s) equal to each full payment. Any remaining amount that does not equal a full payment must be returned by check, (See 3b).

   b.    Prepare a check made payable to:   **U.S. DEPARTMENT OF THE TREASURY**
         ONLY FOR AMOUNTS LESS THAN ONE FULL PAYMENT.

   (Note: The amount in the account includes any additions to the account balance made after the receipt of this NOTICE.)

   Provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY.  Proceed with Step D below.

**4** If the amount in the account is zero and no funds are available to return to the Government, provide the names and addresses of the withdrawers on the back of the DISBURSING OFFICE COPY. If it is a true statement of fact, you must sign Certification No. 2 on the back of the DISBURSING OFFICE COPY. Proceed with Step D below.

**D** Unless the outstanding total is returned by ACH within 45 days of the date on this NOTICE, return the PROGRAM AGENCY and DISBURSING OFFICE COPIES of this form to the disbursing office address shown in the upper right hand corner of the form.

YOUR FINANCIAL INSTITUTION IS LIABLE TO THE GOVERNMENT FOR THE ABOVE PAYMENT(S) AND FOR ALL GOVERNMENT BENEFIT PAYMENTS RECEIVED AFTER THE DEATH OR LEGAL INCAPACITY OF THE RECIPIENT OR THE DEATH OF THE BENEFICIARY AS SET FORTH IN 31 CFR PART 210. YOU MUST TAKE THE APPROPRIATE STEPS OUTLINED IN A THROUGH D ABOVE AND IN THE GREEN BOOK INSTRUCTIONS IN ORDER TO LIMIT YOUR LIABILITY. (See GREEN BOOK: RECLAMATIONS CHAPTER for detailed instructions.)

IF YOU DO NOT RESPOND APPROPRIATELY WITHIN 60 DAYS FROM THE DATE OF THIS REQUEST, YOU WILL NOT LIMIT YOUR LIABILITY AND YOUR FEDERAL RESERVE ACCOUNT OR THE ACCOUNT OF YOUR CORRESPONDENT WILL BE DEBITED FOR THE OUTSTANDING TOTAL.

ROUTING NUMBER:  0720-0009-6
          TO:    **COMERICA BANK
                 PO BOX 75000
                 DETROIT, MI 48275-7570**

TO BE COMPLETED BY PROGRAM AGENCY

$ _____        $ _____
Amount Recovered          Amount to Recover

_____          _____
Signature                 Date

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
PROGRAM MANAGEMENT DIVISION
FMS 133 (2-97)

*Complaint Attachment Pg-06*

Your *Regular Checking* statement
March 24, 2012 to April 24, 2012

## Details of your *Regular Checking* account: ███4491

### Electronic deposits this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|------|-----------|----------|---|------------------------|
| Mar 30 | 1,094.00 | US Treasury 310 Xxva Benef 033012 | | 9488763453 |
| Apr 02 | 41.00 | VISA Ftd*ftd.com Downers Grove IL | | 0F40123456 |
| Apr 03 | 1,171.00 | US Treasury 310 Xxsoc Sec 040312 | | 9488760201 |

Total Electronic Deposits: $2,306.00
Total number of Electronic Deposits: 3

### ATM/Debit Card transactions this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|------|-----------|----------|---|------------------------|
| Apr 09 | -61.95 | Pmt Att Bill P Att Bill Paymen Dallas | TX | 0P63492973 |
| Apr 09 | -134.36 | Pmt Att Bill P Att Bill Paymen Dallas | TX | 0P61499638 |

Total ATM/Debit Card Withdrawals: -$196.31
Total number of ATM/Debit Card Withdrawals: 2

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------------------|
| Mar 26 | -85.22 | Primerica Life Ins. Prem Mar,12 | 9488318942 |
| Apr 03 | -128.75 | GMAC Insurance I CT 120402 | 9488664266 |
| Apr 10 | -37.81 | Bcbs Michigan Premium 120410 | 9488907638 |
| Apr 11 | -157.00 | Grange Insurance Prem Pmt | 9488203000 |

Total Electronic Withdrawals: -$408.78
Total number of Electronic Withdrawals: 4

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------------------|
| Apr 18 | -4,501.15 | Withdrawal - Closing Account | 0063317763 |

Total Other Withdrawals: -$4,501.15
Total number of Other Withdrawals: 1

 ### Lowest daily balance

Your lowest daily balance this statement period was $0.00
on April 18, 2012.

*Complaint Attachment Pg-07*